### FIDELITY & CASUALTY CO. OF NEW YORK v. EGBERT.

(Circuit Court of Appeals, Eighth Circuit. December 13, 1897.)

### No. 938.

1. ACCIDENT INSURANCE—MURDER OR SUICIDE—QUESTION FOR JURY—EVIDENCE.
   Liability on an accident policy was denied, on the ground that insured committed suicide. The evidence tended to show that insured, 59 years old and in good health, took his pistol and left his house before daylight, in his nightshirt, telling his wife he was "going down to settle those dogs." Shortly afterwards his wife heard a shot, and saw him walk along the side of the house towards the east, then turn and go rapidly west out of her sight, and shortly afterwards she heard two shots. A neighbor across an alley west of the lot heard a shot, saw a white object in the alley, and sparks of fire on the ground, then saw a flash which did not seem to be near the white object, heard an explosion, and then the slam of the gate, on the east side of the alley. Blood and the pistol of insured, with

one loaded and five empty shells in it, were found in the alley. Insured was found dead in his lot near the gate, with two pistol or gunshot wounds in his body, around which his shirt was burned with powder. *Held* sufficient to sustain a verdict for plaintiff.

2. SAME—MURDER NOT PRESUMED—BURDEN OF PROOF—REFUSAL TO INSTRUCT.
   On an issue of whether the death of insured was caused by suicide or by murder, after the court had instructed the jury that the burden was on the plaintiff to satisfy them, by a fair preponderance of the evidence, that the death of insured was accidental, that murder would not be presumed, and, if the evidence did not fairly and reasonably satisfy them that the death was accidental, their verdict should be for defendant, it was not error to refuse a request by defendant to instruct that "the law does not presume murder; it must be proved; if plaintiff relies upon the theory that insured was murdered, she must prove it by competent evidence; mere conjecture or supposition that insured might have been murdered is not enough;" and that if, upon the whole case, the jury found the evidence evenly balanced, they must find for defendant.

3. SAME—DEFINING ACCIDENTAL DEATH—ILLUSTRATIONS OUTSIDE OF ISSUES.
   Where the only issue was whether the death of the insured was caused by suicide or by murder, and no other issue was submitted to the jury, it was not error for the court to cite instances of death by the accidental discharge of a gun or pistol, to illustrate the meaning of accidental death.

In Error to the Circuit Court of the United States for the District of Nebraska.

Action brought by defendant in error on an accident policy issued to her husband. The company defended on the ground that insured had committed suicide. Trial to a jury, finding and judgment for plaintiff (defendant in error), and defendant appeals, challenging the sufficiency of the evidence, and alleging error in refusing instructions.

Mr. Charles Offutt (De Lagnel Berier, on the brief), for plaintiff in error.

H. J. Davis (H. D. Estabrook and M. L. Learned, on the brief), for defendant in error.

Before SANBORN and THAYER, Circuit Judges, and RINER, District Judge.

SANBORN, Circuit Judge. This writ of error challenges a verdict and judgment upon a policy of accident insurance. Augustus A. Egbert, the insured, died from gunshot wounds on April 30, 1895. By the terms of the policy in suit the Fidelity & Casualty Company of New York, plaintiff in error, insured Egbert for the benefit of his wife, Luthera L. Egbert, the defendant in error, against bodily injuries sustained through external, violent, and accidental means, but provided in its policy that, in case of injuries wantonly inflicted upon himself by the insured or inflicted upon himself or received by him while insane, the extent of its liability should be measured by the amount of premium paid. The issue was whether the deceased was killed through external, violent, and accidental means, or by injuries wantonly inflicted upon himself. This issue was tried to a jury, and the errors assigned relate to the charge of the court.

It is assigned as error that the court refused to direct the jury at the close of the evidence that the defendant could not recover more than $42.30, the premium paid, and the interest thereon from August 30, 1895, because the evidence was insufficient to support a finding that

the insured was accidentally shot, and because the weight of evidence showed that he committed suicide. There was evidence tending to show that Egbert, a man 59 years old and in good health, rose from his bed about 3 o'clock in the morning, took his pistol, told his wife that he was "going down to settle those dogs," and left his house wearing an undershirt, nightshirt, and hat; that shortly afterwards his wife heard a shot, looked out of the window, and saw her husband walk along the south side of the house towards the east, and then turn and go rapidly towards the west, out of her sight; that she heard two shots shortly afterwards; that there was a heavy gate in the fence at the west end of the lot, which opened into an alley; that a neighbor who lived in a house west of the alley heard a pistol shot, arose, and saw through her window a white object in the alley and sparks of fire on the ground, and then saw a flash which did not seem to be near the object in white, heard an explosion, and then heard the gate slam; that blood and Egbert's pistol were found in the alley; that he was found dead in his lot, a short distance from the gate, with his night-shirt torn, and two pistol or gunshot wounds in his body, and that his shirt was burned with powder around the holes made by the bullets, and his pistol had one loaded and five empty cartridges in it. There was other testimony in the case, but, in view of that to which we have adverted, we are unwilling to say that the proof of suicide was so clear and convincing upon this trial that all reasonable men who heard it, and exercised a sound and impartial judgment, must have reached the conclusion that Egbert killed himself, and it is in such a case only that a judgment may be reversed in a federal appellate court for the lack of evidence to sustain it. Insurance Co. v. Melick, 27 U. S. App. 547, 553, 12 C. C. A. 544, 547, and 65 Fed. 178, 181, and cases there cited.

Another alleged error is that the court refused to instruct the jury that if, upon the whole case, they found the evidence evenly balanced, they must find for the defendant. But the court did charge the jury that the burden of proof was on the defendant in error to satisfy them, by a fair and reasonable preponderance of credible testimony and evidence, that Egbert's death was accidental, and that if the evidence did not fairly and reasonably satisfy them of that fact their verdict should be for the plaintiff in error. This was a fair and just statement of the rule of law invoked by counsel for the plaintiff in error, and it was not error for the court, after announcing this rule in its general charge, to refuse to give it in the exact words selected by counsel. Insurance Co. v. Melick, 27 U. S. App. 547, 562, 12 C. C. A. 544, 553, and 65 Fed. 178, 187, and cases there cited.

It is assigned as error that the court refused to instruct the jury that "the law does not presume murder. It must be proved. If the plaintiff relies upon the theory that the insured was murdered, she must prove it by competent evidence. Mere supposition or conjecture that the insured might have been murdered is not enough." But the court told the jury that the presumption was that murder would not be committed, and that they could not return a verdict for the defendant in error unless she satisfied them, by a fair and reasonable preponderance of credible testimony and evidence, that Egbert's

death was accidental. This portion of the general charge robs this assignment of all merit, and it falls powerless, under the rule to which we have already referred.

It is insisted that the court erred because it declared, in that portion of its charge in which it was defining an accidental death under the policy, that such a death might occur from a gunshot wound in four ways,—through the accidental discharge of a gun in the hands of the person killed, by the explosion of a gun in his hands through an accidental slip or fall, by the accidental discharge of a gun held by a third person, and by the intentional shooting of the victim by a stranger. The only issue presented in this case was whether the death of Egbert was caused by murder or by suicide, and the contention of counsel for plaintiff in error is that the court's reference to other methods of accidental shooting erroneously submitted to the jury questions that were not in the case. But a careful perusal of the entire charge shows that no issue was submitted to the jury except the single one which was presented by the evidence. In the portion of the charge criticised the court was merely citing instances of accidental death to illustrate the meaning of the term, and no juror could have supposed that he was to try any question except whether Egbert's death was the result of suicide or of murder. The charge was clear, concise, and free from error, and the judgment below must be affirmed, with costs.